# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 10, 2021

Lyle W. Cayce
Clerk

No. 19-50903
Summary Calendar

DAVID FOSTER ALDERIDGE,

*Plaintiff—Appellant*,

*versus*

GARY PAINTER, *Acting Sheriff of Midland, Texas*; JOHN/JANE DOE, *Supervisor, Manager, Clerk, or Coordinator of the Records Division of the Midland County Sheriff's Office*; JOHN/JANE DOE, *Supervisor, Manager, Clerk, or Coordinator of the Records Clerk of the Institutional Division of the Texas Department of Criminal Justice*; FNU PEREZ, *Intake Coordinator of the Texas Department of Criminal Justice, Rogelio Sanchez Unit*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:18-CV-11

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-50903

David Foster Alderidge, former Texas prisoner # 2072837, filed a civil rights action under 42 U.S.C. § 1983 against various defendants. He maintained that his constitutional rights were violated because he was unlawfully imprisoned beyond his release date. He asserted that the terms of his sentence were not properly implemented and that officials failed to apply the presentence credit that he was awarded. The district court granted summary judgment in part and dismissed the complaint in part for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

Alderidge appeals the disposition of his § 1983 complaint. He also has moved to amend the caption. The motion is granted.

Alderidge has not set forth any arguments concerning his claims. He does not acknowledge the basis upon which the district court determined that he was not entitled to relief and, specifically, fails to identify any error in the district court's grant of summary judgment or its dismissal for failure to state a claim. While he refers us to the district court record, he does not reiterate a relevant argument that he raised in the district court or identify a previously asserted claim that constitutes a challenge to the district court's reasoning for disposing of his § 1983 complaint. Incorporation by reference otherwise is not allowed. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). We afford pro se briefs liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but even pro se litigants must brief arguments to preserve them, *Yohey*, 985 F.2d at 224-25. Thus, Alderidge has abandoned any challenge to the district court's disposition of his complaint. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because Alderidge had not raised any legal point of arguable merit, we dismiss the appeal as frivolous. *See* 5TH CIR. R. 42.2. Our dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). Alderidge is cautioned that if he accumulates three strikes, he may not proceed in forma pauperis in any

No. 19-50903

civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). Further, he is warned that, regardless of the bar of § 1915(g), future frivolous filings will also subject him to monetary sanctions and limits on his access to this court and any court subject to this court's jurisdiction.

APPEAL DISMISSED; MOTION TO AMEND CAPTION GRANTED; SANCTION WARNING ISSUED.